UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMANU MILO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANNA MARIE SCHUBERT, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-00176-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  By order filed July 29, 2019, the undersigned screened plaintiff's complaint and dismissed it with leave to amend.  ECF No. 11.  Thereafter plaintiff filed a first amended complaint.  ECF No. 16.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

## II. Allegations in the First Amended Complaint

Plaintiff is a state inmate presently confined at Avenal State Prison following his conviction in the Sacramento County Superior Court for felony murder, robbery, and the use of a firearm. As in his original complaint, plaintiff generally alleges in his amended complaint that defendants are "continuing to conspire to deprive him… from securing DNA analysis of evidence secured during local sheriff's investigation of the crime scene" in violation of California Penal Code § 1405. By way of relief, plaintiff seeks declaratory and injunctive relief in the form of access to DNA testing for six pieces of evidence recovered from the crime scene.

## III. Analysis

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law and seeks relief from defendants who are immune from suit. In this court's prior screening order, plaintiff was advised that the Sacramento County District Attorney and deputy district attorneys are absolutely immune from civil suits for damages under 42 U.S.C. § 1983. See ECF No. 11 at 3. Nonetheless, plaintiff included these defendants in his amended complaint. See ECF No. 16. Furthermore, plaintiff once again failed to connect the only other defendant, Sheriff Scott Jones, to any alleged constitutional violation. See ECF No. 11 at 3-4. Plaintiff merely states that defendant Jones has failed to turn over evidence in violation of California Penal Code § 1405. However, that does not establish a constitutional violation that is actionable via a § 1983 action. For all of these reasons, the undersigned recommends dismissing plaintiff's first amended complaint.

## IV. Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted).

However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of plaintiff's failures to provide additional information about his claims despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Here, plaintiff has not even attempted to cure any of the deficiencies described in this court's prior screening order. He merely repeats the same allegations against the same defendants which were previously found not to state a claim for relief. For this reason, the undersigned recommends denying further leave to amend the complaint.

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief. Allowing you to further amend the complaint would be futile because you were not able to cure any of the previously identified deficiencies with the original complaint. As a result, it is recommended that you not be granted further leave to amend your complaint and that this civil action be closed. If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without leave to amend for failure to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge

3

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 17, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE